UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES SCOTT, #05917-028                                                                 PETITIONER

V.                                                       CIVIL ACTION NO. 3:23-CV-111-DPJ-ASH

WARDEN COLBERT                                               RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Charles Scott, a federal inmate who was housed at the United States Penitentiary in Yazoo City, Mississippi, when he filed this 28 U.S.C. § 2241 habeas petition, challenges his 1999 convictions of Hobbs Act robbery in the Northern District of Indiana.[1] As explained below, the undersigned recommends Scott's petition be dismissed with prejudice.

I.     Facts and Procedural History

In its order denying Scott's motion for relief under 28 U.S.C. § 2255, the sentencing court summarized the underlying charges:

> On May 20, 1999, a [federal] grand jury returned a ten-count indictment charging Scott [and three others] with robbing at gunpoint several businesses in Gary, Indiana . . . . More particularly, the indictment charged Scott with one count of conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, . . . three substantive Hobbs Act violations, . . . and three counts of carrying a firearm in connection with a violent crime . . . . Scott pleaded not guilty to the indictment . . . and thus proceeded to trial.

*United States v. Scott*, No. 2:02-CV-125, 2005 WL 1676785, at *1 (N.D. Ind. July 15, 2005) (footnote omitted). A jury in the Northern District of Indiana convicted Scott on all charges, and on May 30, 2000, the court sentenced Scott to a 618-month total term of incarceration. *Id.* at *2.

---

[1] Scott has since been transferred to another facility. But jurisdiction over his petition "attached on [his] initial filing for habeas corpus relief, and it was not destroyed by [his] transfer and [the] accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Scott appealed his conviction "and the Seventh Circuit affirmed in all respects, concluding '[t]he trial was fair and the convictions [we]re well supported.'" *Scott v. United States*, No. 2:17-CV-424-JMS-MJD, 2018 WL 11276779, at *1 (S.D. Ind. June 25, 2018) (quoting *United States v. Buggs*, 6 F. App'x 484, 488 (7th Cir. 2001)). The Supreme Court denied certiorari. *Scott v. United States*, 534 U.S. 1043 (2001).

Since then, Scott has filed ten post-conviction motions, starting with an initial § 2255 motion in 2002 in the Northern District of Indiana.[2] *See* Resp. [8] at 3–4 (detailing Scott's post-conviction filings). Scott is incarcerated at the federal correctional facility in Yazoo City, Mississippi, and on February 10, 2023, he filed this habeas petition under 28 U.S.C. § 2241, invoking the saving clause of 28 U.S.C. § 2255(e). *See* Pet. [1] at 5 (explaining why the remedy under § 2255 is inadequate or ineffective to challenge the convictions). Scott argues that his convictions under 18 U.S.C. § 924(c) are no longer valid in light of *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(d). Respondent filed a response in opposition to Scott's petition, and Scott filed a reply.

II.   Analysis

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2241 is the proper procedural vehicle for challenging the conditions of a prisoner's confinement, and a § 2241 petition must be filed in the district of incarceration." *Barrientes v. Warden USP Pollock*, No.

---

[2] The Northern District of Indiana denied Scott's first § 2255 motion on the merits in 2005. *United States v. Scott*, No. 2:02-CV-125, 2005 WL 1676785 (N.D. Ind. July 15, 2005).

2

23-30896, 2024 WL 2369376, at *1 (5th Cir. May 23, 2024) (per curiam). "Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court." *Id.*

"A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). But these petitions must satisfy the saving clause of § 2255 to avoid dismissal. *Id.* "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the saving[] clause of § 2255." *Id*.

Scott's petition does not challenge the manner of execution of his federal sentence. It instead challenges the validity of that sentence in light of *United States v. Taylor*, 596 U.S. 845 (2022). Thus, Scott has not asserted a cognizable claim under § 2241. *See Taylor v. Garland*, No. 3:24-CV-43-TSL-RPM, 2024 WL 1120127, at *1 (S.D. Miss. Mar. 14, 2024). Because Scott is incarcerated within this Court's jurisdiction, the Court will therefore construe his § 2241 petition as a motion brought under § 2255's saving clause and evaluate whether his claims may proceed through that vehicle.

Section 2255's saving clause allows a § 2241 petition under certain limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This exception is a narrow one—one that ultimately cannot save Scott's petition from dismissal.

3

Until recently, many courts, including the Fifth Circuit, interpreted § 2255's saving clause to permit prisoners to proceed under § 2241 with certain actual-innocence claims based on new cases of statutory interpretation. *See, e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). But in 2023, the Supreme Court rejected this interpretation of the saving clause, holding that it "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).[3] Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court" in a § 2255 motion. *Id.* at 478; *see id.* at 474–75 (providing examples of when saving clause applies, including "the sentencing court's dissolution"). The Court concluded:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving[s] clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Id.* at 480.

"There is nothing in either the record or [Scott]'s briefing to indicate that 'unusual circumstances make it impossible or impracticable to seek relief in the sentencing court.'" *Barrientes*, 2024 WL 2369376, at *1 (quoting *Jones*, 599 U.S. at 478) (holding that the untimeliness of a successive § 2255 motion also would not render it inadequate or ineffective).

---

[3] Except in limited circumstances, a federal inmate is entitled to a single § 2255 motion collaterally attacking his conviction and sentence. *See* 28 U.S.C. §§ 2244(a); 2255(h).

4

Scott has therefore failed to satisfy his "burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. His petition fails under *Jones*.

III.   Conclusion and Recommendation

After *Jones*, Scott may not seek relief in light of *Taylor*[4]—a case of statutory interpretation—under § 2241 through § 2255's saving clause. The undersigned therefore recommends that his petition be dismissed with prejudice.

IV.   Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[5] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

---

[4] The Court need not address the merits of Scott's argument under *Taylor* in light of the infirmity of his filing his petition in this Court.

[5] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Respectfully submitted, this the 21st day of April, 2025.

                                                    s/ *Andrew S. Harris*
                                                    UNITED STATES MAGISTRATE JUDGE